FILED
CLERK, U.S. DISTRICT COURT
DEC 16 2015
CENTRAL DISTRICT OF CALIFORNIA
BY             DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA   JS-6

| | |
|---|---|
| WILLIAM BUSH, ADMINISTRATOR OF THE DONALD BUSH ESTATE,<br><br>    Plaintiff,<br><br>    v.<br><br>VICTOR BROOKS, CRYSTAL BROOKS, DOES 1 TO 10, INCLUSIVE<br><br>    Defendants. | CASE NO. CV 15-9089-SJO (PJWx)<br><br>ORDER DENYING DEFENDANT'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND REMANDING CASE TO SUPERIOR COURT |

    Before the Court are Defendants Victor and Crystal Brooks' motions to proceed *in forma pauperis* ("IFP"). For the following reasons, the motions are DENIED and the action is remanded to the Los Angeles Superior Court.

    On November 23, 2015, Defendants, proceeding *pro se*, lodged a Notice of Removal, accompanied by requests to proceed IFP, seeking to remove this unlawful detainer action from state court. The Court has denied the IFP applications under separate cover. To prevent the action from remaining in jurisdictional limbo, however, the Court also issues this Order, remanding the case back to the Superior Court.

    Simply stated, because Plaintiff could not have brought this action in federal court in the first place, there is no basis to

remove it. To the extent that Defendants are seeking to federalize the case by raising federal claims in their defense, they cannot do so. The Court considers only the claims raised in the Complaint to determine whether there is federal jurisdiction and does not take into account any federal defenses or counterclaims Defendants raised (or could have raised). *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127 (1974) (explaining federal questions must be disclosed on the face of the complaint as a defendant's reply is not a basis for federal jurisdiction); *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (explaining federal law defense does not create federal jurisdiction if the complaint on its face does not present federal question).

Plaintiff's unlawful detainer action does not raise a federal question. *See* 28 U.S.C. § 1331. Additionally, the amount in controversy is less than $10,000 and, according to Defendants, Plaintiff and Defendants are California residents. *See* Civil Cover Sheet at 1. Thus, there is no diversity jurisdiction. *See* 28 U.S.C. § 1332. For these reasons, the case is subject to remand. 28 U.S.C. § 1441(a); *Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563 (2005).

Accordingly, IT IS ORDERED that: (1) this matter is REMANDED to the Superior Court of California, Long Beach Courthouse, 275 Magnolia Ave., Long Beach, California, 90802, (2) the clerk shall send a

1  certified copy of this Order to the Superior Court and serve copies on
2  the parties.

4       IT IS SO ORDERED.
5       DATED: ___12/16___, 2015

8                                          _____
                                            S. JAMES OTERO
                                            UNITED STATES DISTRICT JUDGE

15 Presented by:

17 _____
18 PATRICK J. WALSH
   UNITED STATES MAGISTRATE JUDGE

28 S:\PJW\Cases-IFP\AAA IFP DENIALS\IFP.denial.removal.unlawful detainer Bush v Brooks.wpd

3